[Crim. No. 18677. Second Dist., Div. Four. Apr. 15, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD GEORGE AUSTIN, Defendant and Appellant.

**COUNSEL**

Robert J. Jagiello, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**FILES, P. J.**— Defendant appeals from a judgment of conviction for sale of heroin (Health & Saf. Code, § 11501). The sole issue raised on appeal is whether *Eleazer* v. *Superior Court*, 1 Cal.3d 847 [83 Cal.Rptr. 586, 464 P.2d 42], decided January 30, 1970, is to be applied retroactively to cases tried after its announcement but where the last meaningful police contacts with the informant occurred prior to the filing of that opinion.

Defendant was convicted on the testimony of an undercover police officer who, on August 29, 1969, pursuant to information received from an informant, went to defendant's apartment and with $20 of county funds purchased from him the contraband substance. The informant, Reuben Madrigal, was present during the transaction but disappeared shortly thereafter.

The police made no positive efforts to find the informant until so ordered by the court on March 23, 1970, over six months after the defendant's arrest on September 8, 1969. After considerable investigation the police were unable to find Madrigal who, they were told, had become aware that the police were searching for him and was "hiding out." Defendant now argues that on the basis of these events, the trial court erred in refusing to dismiss the proceedings against him.

In *Eleazer* v. *Superior Court* (1970) 1 Cal.3d 847, 853 [83 Cal.Rptr. 586, 464 P.2d 42], the Supreme Court held that where, as here, an informant is a material witness on the issue of guilt, the authorities must "undertake *reasonable efforts* in good faith to *locate* the informer." (Italics theirs.) In *People* v. *Fortier* (1970) 10 Cal.App.3d 760, 767 [89 Cal.Rptr. 210], this court, in applying the test of retroactivity as announced by our Supreme Court in *People* v. *Edwards* (1969) 71 Cal.2d 1096, 1107-1110 [80 Cal.Rptr. 633, 458 P.2d 713], held that "the *Eleazer* rule should not be applied retroactively to cases where the police contacts with their informant long preceded the announcement of their new responsibilities."

This rationale was followed in *People* v. *Pargo* (1970) 11 Cal.App.3d 528, 534 [89 Cal.Rptr. 857], where the court, after quoting extensively from *People* v. *Helmholtz* (1970) 10 Cal.App.3d 441, 448-450 [88 Cal.Rptr. 743], which held that *Eleazer* was to be applied only to cases tried after January 30, 1970, stated: "We agree but feel that another dimension must be added. There may be cases tried after January 30, 1970, in which the prosecution is unable to comply with *Eleazer* because contact has been lost with the informant prior to January 30, 1970. In the instant case we would affirm the conviction even if the trial had commenced after January 30, 1970. Logically the application of *Eleazer* should be directed to the time of the last contact with the informant at which the police could have acquired the information demanded by *Eleazer*.

"While the court may in trials beginning after January 30, 1970, require the prosecution at that time to make reasonable efforts to locate the informant it should not be fatal to a successful prosecution if those efforts are rendered fruitless by the fact that the last meaningful contact with the informant occurred prior to the time that the police were required to obtain and provide the additional information."

While both *Fortier* and *Pargo* involved trials occurring before the announcement of *Eleazer*, we think the above statements accurately re-

flect the law with respect to the case at bench. The evidence is sufficient to support the determination that the police adequately performed their duties.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied April 30, 1971, and appellant's petition for a hearing by the Supreme Court was denied June 30, 1971.